IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
PATTI MOTON,                      )
                                  )
    Plaintiff,                    )
                                  )    CIVIL ACTION NO.
    v.                            )      2:08cv967-MHT
                                  )           (WO)
STATE FARM MUTUAL                 )
AUTOMOBILE INSURANCE              )
COMPANY; and GEICO                )
INDEMNITY COMPANY,                )
                                  )
    Defendants.                   )
```

OPINION

This lawsuit came before the court for hearing on October 30, 2009, for consideration and approval of the full and final settlement of the claims of plaintiff Patti Moton, individually and on behalf of her minor daughter M.M., against defendants State Farm Mutual Automobile Insurance Company and Geico Indemnity Company. The court's consideration and approval is necessary because a minor child will receive a portion of the settlement. Pursuant to the court's order, M.M.'s interests are represented by guardian ad litem Roianne

Houlton Conner. Based on the pleadings and the representations made in open court, the court will approve the settlement.

The factual and procedural background of this case may be summarized as follows: On May 2, 2008, M.M. was injured when a vehicle in which she was a passenger was involved in an accident. Moton subsequently filed this lawsuit against State Farm and Geico, alleging that an unknown driver had caused the accident and bringing claims for uninsured-motorist benefits under Ala. Code § 32-7-23. Moton later filed a motion for partial summary judgment on the issue of liability, arguing that it is "undisputed that Defendants State Farm and Geico issued insurance policies that provided Uninsured Motorists Coverage which ... provided coverage for plaintiffs in this action" and that "it is likewise undisputed that the accident was caused by the negligence of an unknown, thus uninsured, driver." Pl.'s Br. at 3 (Doc. No. 27). State Farm and Geico responded that

"there is ... contradictory evidence providing that the accident was a single vehicle accident, with no legal causation of another vehicle," Def.'s (State Farm) Br. at 5 (doc. no. 33), and "evidence that provides that [Moton's] claims are barred by the affirmative defenses of contributory negligence and assumption of the risk," id. at 35. While the summary-judgment motion was pending, the parties filed a joint motion for a hearing on the proposed settlement agreement.

Under the terms of the proposed settlement, Moton and her minor daughter M.M. will recover the aggregate sum of $ 27,500.00 from State Farm and Geico. From this amount, Moton will receive $ 10,000.00, less attorney's fees in the amount of $ 3,000.00 and litigation expenses in the amount of $ 1,690.58, yielding a net recovery of $ 5,309.42. M.M. will receive $ 17,500.00, less attorney's fees in the amount of $ 5,250.00, yielding a net recovery of $ 12,250.00. No litigation costs will be assessed to M.M..

The court has reviewed the pleadings in this case and is familiar with the background of this lawsuit. The court heard a detailed oral explanation of the positions of all the parties in open court. The court received testimony and evidence related to liability, the injuries sustained by M.M., and the cost of M.M.'s medical care. The court concludes that the liability of State Farm and Geico is in dispute, as is the extent of the damages from the accident.

The court also heard testimony from Moton, M.M., and the guardian ad litem, both of whom stated that they believe the settlement is in M.M.'s best interests. Moton testified that she would use her share of the settlement proceeds for the outstanding cost of M.M.'s medical treatment. The guardian ad litem indicated that M.M. planned to use her share of the settlement to fund her education and moved the court to order the district court clerk to hold the money in an interest-bearing account until M.M. reaches the age of majority, which is

19 in Alabama.  <u>See also</u> Guardian Ad Litem's Mot. (Doc. No. 49).

The court is satisfied that the terms and provisions of this settlement are understood and agreed to by all parties.  Based on the record and testimony, as set forth above, the court finds that all the terms and provisions of the proposed settlement are in the best interests of minor child M.M. and are fair, just, and reasonable under the circumstances of this case.  Therefore, the court will approve the proposed settlement agreement.  The court will also order the clerk of the court to hold M.M.'s share of the settlement in an interest-bearing account until she reaches the age of majority.

An appropriate judgment will be entered.

DONE, this the 6th day of November, 2009.


                            <u>/s/ Myron H. Thompson</u>
                            **UNITED STATES DISTRICT JUDGE**